UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHARLENE RAINEY )<br>    Plaintiff )<br> )<br>v. )<br> )<br>CRESCENT RECOVERY, LLC & )<br>JANE DOE a/k/a DEMETRIA )<br>    Defendants )<br> ) | COMPLAINT<br><br><br><br><br>JURY TRIAL DEMANDED<br><br>MAY 25, 2010 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer who has been harassed by the defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* for intentional infliction of emotional distress, and for violation of the Connecticut Unfair Trade Practices Act.

### II. PARTIES

2. The plaintiff, Charlene Rainey, is a natural person residing in Waterbury, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

3. Defendant Crescent Recovery, LLC ("Crescent") is a Louisiana corporation located in Virginia and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency and is a debt collector as defined by FDCPA § 1692a(6).

4. Defendant Jane Doe a/k/a Demetria is an employee of Crescent who works as a debt collector. Demetria's identity and state of residence are not known to Plaintiff but are ascertainable in discovery.

### III. JURISDICTION

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, and 1337, and Fed. R. Civ. P. 18(a).

6. This Court has jurisdiction over Crescent because it engages in debt collection within Connecticut.

7. Venue in this Court is proper, because the Plaintiff is a resident and the acts complained of occurred in this state.

### IV. FACTUAL ALLEGATIONS

8. Plaintiff purchased a vehicle ('the Vehicle") pursuant to a retail installment sales contract ("the Contract"), and the Contract was assigned to Crescent Bank & Trust for valuable consideration.

9. On or around January 1, 2009, the Vehicle was stolen from Plaintiff and totaled.

10. A dispute arose between Plaintiff and Crescent Bank regarding whether a GAP Addendum to the Contract relieved Plaintiff from any obligation to pay the difference between the balance due under the Contract and the proceeds from Plaintiff's insurance policy.

11. Plaintiff retained legal counsel to assist her in connection with that dispute.

12. Crescent Bank & Trust assigned the alleged debt to Defendant Crescent for collection purposes.

13. A Crescent representative named Demetria called Plaintiff on or around December 12, 2009, and during that call, Plaintiff told Demetria that she had hired an attorney and provided her with her attorney's telephone number.

14. Demetria cut her off when she tried to give her attorney's address, and she told Plaintiff that the account would be turned over to the legal department.

15. Demetria called Plaintiff on or around December 16, 2009 and spoke with Plaintiff in an attempt to collect the aforementioned debt.

16. Fearing additional calls from Crescent, Plaintiff called Demetria on or around December 17, 2009. During that call, Demetria told her that she had determined that her attorney did not handle bankruptcy cases, and she said that Plaintiff's account was now with the legal department and that 25% of her wages would be garnished.

## V. CLAIMS FOR RELIEF

### COUNT ONE
### Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.
### (As to Crescent)

17. Plaintiff incorporates Paragraphs 1-16.

18. Crescent violated the FDCPA by continuing to contact Plaintiff notwithstanding having contact information for Plaintiff's attorney, by misrepresenting the amount and the character of the alleged debt owed by Plaintiff under the Contract, and by falsely and deceptively representing to Plaintiff that 25% of her wages would be garnished.

19. For Crescent's violation of the Fair Debt Collection Practices Act as described above, the Plaintiff is entitled to recover her actual damages, statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

## COUNT TWO
### Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.
### (As to Demetria)

20. Plaintiff incorporates Paragraphs 1-18 of Count One.

21. Demetria violated the FDCA for the reasons enumerated in Paragraph 18 above.

## COUNT THREE
### Intentional Infliction of Emotional Distress
### (As to Demetria and Crescent)

22. Plaintiff incorporates Paragraphs 1-16.

23. Crescent and Demetria knew, or reasonably should have known, that their conduct would likely cause emotional distress to Plaintiff.

24. Crescent's and Demetria's conduct did cause Plaintiff to suffer emotional distress, embarrassment, shame, stress and anxiety.

## COUNT FOUR
### CUTPA
### (As to Crescent)

25. Plaintiff incorporates Paragraphs 1-16.

26. Crescent has engaged in unfair and deceptive trade practices in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.* ("CUTPA").

27. Plaintiff has suffered an ascertainable loss, because she has been subjected to illegal collection activities.

WHEREFORE, the Plaintiff seeks recovery of actual damages (including emotional distress damages) pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k, and actual damages, punitive damages, and attorney's fees pursuant to Conn. Gen. Stat. § 42-110g; and such other relief as this Court deems appropriate.

PLAINTIFF, CHARLENE RAINEY

By: _____
Daniel S. Blinn, Fed Bar No. ct02188
Matthew W. Graeber, Fed Bar No. ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd., Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408
Fax. (860) 571-7457